| Date Signed:<br>May 31, 2017 |  | SO ORDERED.<br><br>_____<br>Robert J. Faris<br>United States Bankruptcy Judge |

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>MOUNTAIN THUNDER COFFEE PLANTATION INT'L, INC.,<br><br>    Debtor. | Case No. 16-00984<br>Chapter 11 |
| GEMCAP LENDING I, LLC,<br><br>    Plaintiff,<br><br>vs.<br><br>TRENT A. BATEMAN, et al.,<br><br>    Defendants. | Adv. Pro. No. 17-90008<br><br>Dkt. No. 2 |

## SUPPLEMENTAL FINDINGS OF FACT SUPPORTING PRELIMINARY INJUNCTION

On May 17 and 24, 2017, the court held an evidentiary hearing on a motion

for a preliminary injunction filed by plaintiff GemCap Lending I, LLC

("GemCap"). The court has entered an order granting the motion.[1] The order includes certain findings of fact and conclusions of law. The purpose of this document is to supplement the findings contained in section A of the preliminary injunction.

It is virtually certain that GemCap will be able to establish the following facts at trial.

GemCap entered into a Loan and Security Agreement, dated September 26, 2011, with defendants Mountain Thunder Coffee Plantation Int'l, Inc. ("Mountain Thunder") and Naturescape Holding Group, Int'l, Inc. ("Naturescape").[2] Defendant Lisa Bateman signed the Loan and Security Agreement on behalf of Mountain Thunder and defendant Brooke Decker signed on behalf of Naturescape.

Defendants Trent and Lisa Bateman are husband and wife. Defendant Brooke Decker is their daughter.

Pursuant to the Loan and Security Agreement, Naturescape and Mountain Thunder granted to GemCap a first priority security interest in and a lien on all of their assets, including after-acquired property, and a collateral assignment of all of their "Intellectual Property," as defined in paragraph 1.55 of the Loan and Security

---

[1] Dkt. 31.

[2] GemCap Exhibit G1.

Agreement.

GemCap's collateral included (but was not limited to) all "Equipment" of Naturescape and Mountain Thunder. Paragraph 1.40 of the Loan and Security Agreement provides that the "Equipment" includes, but is not limited to, the items listed in Exhibit 1.40 to the Loan and Security Agreement. Exhibit G2 is the equipment list that was attached to the Loan and Security Agreement as Exhibit 1.40. This list was prepared with the active participation and assistance of Trent Bateman.

Pursuant to paragraph 9.6(c) of the Loan and Security Agreement, Naturescape and Mountain Thunder agreed to provide monthly certificates listing all of the Equipment then in their possession. Naturescape and Mountain Thunder delivered many such certificates.[3] Trent Bateman also actively participated in the preparation of updated equipment lists.

GemCap, Mountain Thunder, and Naturescape entered into an Amended and Restated Loan and Security Agreement, dated September 27, 2013.[4] The provisions referred to above were restated as of the date of the amended and restated document but were not otherwise materially changed. There were also a series of further amendments, but none changed the provisions referred to above.

---

[3] GemCap Exhibit G8.

[4] GemCap Exhibit G7.

U.S. Bankruptcy Court - Hawaii   #17-90008   Dkt # 32   Filed 05/31/17   Page 3 of 6

GemCap, Mountain Thunder, Naturescape, the Batemans, and Ms. Decker entered into a Forbearance Agreement, dated November 10, 2015.[5] Naturescape, Mountain Thunder, the Batemans, and Ms. Decker acknowledged that they were in default of their obligations to GemCap and reaffirmed all of those obligations. GemCap agreed that, if the borrowers satisfied certain conditions, GemCap would forbear from enforcing its remedies.

Some of GemCap's collateral is located on the so-called Kaloko property. The Batemans' trusts own the fee simple interest in the Kaloko property. The Batemans, as trustees and lessors, leased a portion of the Kaloko property to Naturescape under a rental agreement dated December 22, 2015. The rental agreement describes only in general terms the portion of the Kaloko property that it covers. It is reasonable to interpret the rental agreement as covering all portions of the Kaloko property on which Naturescape conducted its business or on which the borrowers placed or stored any of GemCap's collateral.

Alleging that the borrowers had breached the Forbearance Agreement, GemCap filed suit in state court against the Batemans, Ms. Decker, Naturescape, and Mountain Thunder. The state court found that the defendants were in default of their obligations under the agreements and appointed a receiver. Later, the state court entered a partial summary judgment in which it again found that the

---

[5] GemCap Exhibit G19.

4

borrowers were in default but deferred enforcement proceedings to give the borrowers an opportunity to refinance their obligations to GemCap.

On September 16, 2016, GemCap and others filed involuntary bankruptcy petitions against Naturescape and Mountain Thunder. On December 20, 2016, the court entered an order for relief and appointed a trustee in each case.

The trustee and GemCap entered into an Asset Purchase, Settlement and Release Agreement, dated as of March 8, 2017.[6] Among other things, the trustee agreed to sell to GemCap the bankruptcy estates' interest in certain real estate leases and the assets in which GemCap has security interests (with certain exceptions not relevant here). GemCap facilitated the transfer of the purchased assets to Palani Farms, LLC, an entity independent of GemCap.

Mr. Bateman testified that some of the property listed in the loan agreements and the equipment certificates never belonged to Naturescape or Mountain Thunder but rather was his personal property. This testimony is not believable. In particular, when Naturescape and Mountain Thunder wanted GemCap to lend them money, Mr. Bateman consistently stated or implied that all of the assets belonged to the companies. Mr. Bateman only began to claim personal ownership of some of the assets after GemCap took steps to foreclose. Mr. Bateman's willingness to say whatever suits his family's interests at the moment

---

[6] GemCap Exhibit G41.

U.S. Bankruptcy Court - Hawaii   #17-90008   Dkt # 32   Filed 05/31/17   Page 5 of 6

makes his testimony incredible.

In summary, it is virtually certain that GemCap will be able to establish at trial, under any potentially applicable standard of proof, that all of the property described in the exhibits to the preliminary injunction was property of the estate of Mountain Thunder or Naturescape and was properly transferred to GemCap's designee, Palani Farm, LLC.

**END OF ORDER**